Jane Doe
11151 Valley Blvd #4886,
El Monte, CA 91734

Plaintiff/Creditor in Pro Per


FILED
JAN 07 2026
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Edward George Weamer<br>Debtor.<br>Case No.: 4:25-bk-42104 | Adv. Case No.:<br>Chapter: Seven (7) |
| Jane Doe,<br>   Plaintiff/Creditor,<br>vs.<br>Edward George Weamer,<br>   Defendant/Debtor. | **COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT (11 U.S.C. § 523(a)(6))**<br><br>**JURY TRIAL DEMANDED** |

  For her complaint against Defendant/Debtor Edward George Weamer ("Weamer"), Plaintiff/Creditor Jane Doe ("Plaintiff") alleges as follows:

### PARTIES

1. Plaintiff is an individual residing in the State of California.
2. Weamer is an individual residing in the State of California who filed his petition for relief under Chapter 7 of the United States Bankruptcy Code on

1

November 6, 2025, in Case No. 4:25-bk-42104. Weamer is also a named defendant in a pending civil action for sexual assault in Superior Court of California, County of Contra Costa, Case No. MSC20-00827 (the "State Court Action").

## JURISDICTION AND VENUE

3. This adversary proceeding arises under 11 U.S.C. § 523(a)(6) and 28 U.S.C. § 157(b)(2)(I).

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

5. Venue is proper under 28 U.S.C. §§ 1408 and 1409 because this proceeding is related to the above referenced bankruptcy case, currently pending in the United States Bankruptcy Court for the Northern District of California.

6. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(I) because it concerns a determination of the dischargeability of a particular debt.

## FACTUAL BACKGROUND

7. Plaintiff incorporates by reference the Complaint filed on May 7, 2020 in Superior Court of California, County of Contra Costa, Case No. MSC20-00827, a true and correct copy of which is attached hereto as **Exhibit 1**, as though fully set forth herein.

8. The State Court Action arises from Weamer's sexual assault and related intentional misconduct against Plaintiff. On May 11, 2020 the State Court entered a protective order to protect Plaintiff's identity, a true and correct copy of which is attached hereto as **Exhibit 2**.

9. Weamer engaged in unwanted sexual contact with Plaintiff in 2013 despite her explicit refusal to rush sex. In subsequent 2014 message conversations, Weamer acknowledged that Plaintiff had resisted and said no during each encounter.

10. Weamer's conduct included intentional, non-consensual sexual contact, carried out with knowledge that such conduct would cause severe

emotional distress, psychological trauma, and bodily harm to Plaintiff.

11. Weamer's actions were deliberate, volitional, and without justification or excuse.

12. As a direct and proximate result of Weamer's conduct, Plaintiff suffered damages including, but not limited to: emotional distress, psychological trauma, physical injury, medical and therapeutic expenses, pain and suffering, loss of dignity and personal security.

13. Weamer filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 6, 2025.

14. Weamer's bankruptcy filing automatically stayed the State Court Action pursuant to 11 U.S.C. § 362(a).

15. Plaintiff is a creditor holding a claim against Weamer for damages arising from Weamer's willful and malicious injury.

## FIRST CLAIM FOR RELIEF

(NONDISCHARGEABILITY FOR SEXUAL BATTERY UNDER
11 U.S.C. § 523(a)(6) - WILLFUL AND MALICIOUS INJURY)

16. Plaintiff realleges and incorporates paragraphs 1 through 15.

17. Under 11 U.S.C. § 523(a)(6), a discharge under Chapter 7 does not discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."

18. The Ninth Circuit has clarified that an injury is "willful" when the debtor had a subjective intent to cause injury or a subjective belief that injury was substantially certain to result. *In re Su*, 290 F.3d 1140, 1144–46 (9th Cir. 2002).

19. A "malicious" injury involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Jercich*, 238 F.3d 1202, 1209 (9th Cir. 2001).

20. Sexual assault constitutes inherently wrongful and injurious conduct, and courts consistently hold that debts arising from sexual assault satisfy both the

3

willful and malicious prongs of § 523(a)(6).

21. Weamer had sexual contact and intercourse with Plaintiff and did so without her consent. Plaintiff suffered damages as a result of Weamer's battery, as described herein.

22. Weamer's sexual assault of Plaintiff was: A wrongful act, intentionally committed, certain to cause injury, without just cause or excuse.

23. Weamer either intended to injure Plaintiff or acted with knowledge that injury was substantially certain to occur.

24. Accordingly, any debt arising from Weamer's sexual assault of Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6).

## SECOND CLAIM FOR RELIEF

(NONDISCHARGEABILITY FOR GENDER VIOLENCE UNDER

11 U.S.C. § 523(a)(6) - WILLFUL AND MALICIOUS INJURY)

25. Plaintiff realleges and incorporates paragraphs 1 through 24.

26. Weamer committed acts of gender violence upon Plaintiff through the use of attempted use of physical force against her person, committed at least in part based on Plaintiff's gender.

27. Weamer engaged in physical intrusion or physical invasion of a sexual nature under coercive conditions.

## THIRD CLAIM FOR RELIEF

(NONDISCHARGEABILITY FOR VIOLATION OF RALPHS CIVIL RIGHTS

ACT UNDER 11 U.S.C. § 523(a)(6) - WILLFUL AND MALICIOUS INJURY)

28. Plaintiff realleges and incorporates paragraphs 1 through 27.

29. At all times mentioned herein, Plaintiff had the right to be free from any violence, or intimidation by threat of violence, committed against her person on account of her gender.

## FORTH CLAIM FOR RELIEF

(NONDISCHARGEABILITY FOR INTERFERENCE WITH EXERCISE OF

CIVIL RIGHTS UNDER 11 U.S.C. § 523(a)(6) - WILLFUL AND MALICIOUS INJURY)

30. Plaintiff realleges and incorporates paragraphs 1 through 29.

31. As alleged hereinabove, Weamer intentionally interfered with or attempted to interfere with Plaintiff's clearly established rights guaranteed under United States and California laws, including but not limited to Plaintiff's right of protection from battery, assault, gender violence, and rape by threats, intimidation, and coercion.

## FIFTH CLAIM FOR RELIEF

(NONDISCHARGEABILITY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER 11 U.S.C. § 523(a)(6) - WILLFUL AND MALICIOUS INJURY)

32. Plaintiff realleges and incorporates paragraphs 1 through 31.

33. Weamer's conduct in sexually assaulting and battering Plaintiff was intentional and deliberate disregard for the high degree of probability that Plaintiff would suffer emotional distress as a result.

34. Weamer's conduct in sexually assaulting and battering Plaintiff was extreme and outrageous.

35. Weamer's conduct and actions were the direct and proximate cause of severe emotional distress to Plaintiff.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

    A. General and special damages caused by Weamer's unlawful actions in an amount according to proof;

    B. Punitive and exemplary damages according to proof;

    C. Medical and related expenses according to proof;

    D. Additional statutory civil penalty pursuant to Cal Civ Code §§ 52(b)

and 52.1(b);

E. Interest, including pre judgment interest, in accordance with applicable law;

F. For costs of suit and attorney fees herein incurrent;

G. Declaring that Weamer's debt to Plaintiff arising from sexual assault is nondischargeable under 11 U.S.C. § 523(a)(6);

H. Determining that Plaintiff may liquidate the amount of the debt in the pending State Court Action or other appropriate forum; and

I. Granting Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

Respectfully submitted,

Date: January 3, 2026

/s/ Jane Doe

Plaintiff/Creditor in Pro Per

6

Case: 26-04001   Doc# 1   Filed: 01/07/26   Entered: 01/08/26 11:25:05   Page 6 of 20

# EXHIBIT 1

```
 1  JANE DOE
    11151 Valley Blvd #4886,
 2  El Monte, CA 91734
    626-208-9665
 3
 4
 5  JANE DOE, IN PRO PER
 6
 7
```

**FILED**
MAY -7 2020
K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
D. Wagner Deputy Clerk

**D. WAGNER**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD WEAMER,<br><br>    Defendant. | Case No.: C20-00827<br><br>**COMPLAINT FOR DAMAGES**<br><br>PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT 21, FOR ALL PURPOSES.<br><br>UNLIMITED JURISDICTION<br>**JURY TRIAL DEMANDED** |

Plaintiff, Jane Doe ("Plaintiff"), alleges as follows:

### INTRODUCTION

1. This action arises out of the result of discovering Plaintiff's injuries resulting from Defendant's sexual abuse acts.

2. In Oct 2019, with the assistance of Los Angeles County District Attorney's Office Plaintiff was finally able to identify the crimes committed on her and causally connect her long-term pain and suffering to Defendant's sexual violence against her.

3. Plaintiff now brings this lawsuit and seeks remedy.

- 1 -
COMPLAINT FOR DAMAGES

Case: 26-04001    Doc# 1    Filed: 01/07/26    Entered: 01/08/26 11:25:05    Page 8 of 20

## PARTIES

4. Plaintiff Jane Doe is an individual who is a resident of County of Los Angeles, State of California. At all relevant and material times, Plaintiff was a visitor in the County of Sonoma and Contra Costa, State of California. Plaintiff is suing under a pseudonym in order to protect her privacy.

5. Defendant Edward Weamer ("Defendant") is an individual who, upon information and belief, is a resident of County of Contra Costa, California.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to hear the subject matter of this complaint. This Court has jurisdiction over Defendant because he resides in Contra Costa County, California.

7. Plaintiff seeks to recover damages in excess of $25,000, exclusive of interest and costs.

8. Venue is proper in this Court because all or some of the violations of law alleged herein occurred in the County of Contra Costa.

## SEXUAL AND DOMESTIC VIOLENCE

9. It is a common misconception that most sexual assaults are committed by strangers. In reality, sexual assault can be perpetrated by anybody. A woman is more likely to be sexually assaulted by someone she knows— a friend, partner, date, classmate, neighbor or relative—than by a stranger in a dark alley. <Understand the Nature and Dynamics of Sexual Violence> (https://www.mocadsv.org/FileStream.aspx?FileID=3) <Dynamics of Sexual Violence> (https://www.youtube.com/watch?v=gSh7CmWGa58)

10. Five categories of sexual violence (https://ndaa.org/wp-content/uploads/NDAA-DV-White-Paper-FINAL-revised-July-17-2017-1.pdf):

 a. Rape or penetration of victim;
 b. Victim made to penetrate someone else;
 c. Non-physically pressured unwanted penetration;

Case: 26-04001   Doc# 1   Filed: 01/07/26   Entered: 01/08/26 11:25:05   Page 9 of 20

d. Unwanted sexual contact, defined as the "intentional touching of the victim or making the victim touch the perpetrator, either directly or through clothing . . . without the victim's consent";

e. Non-contact unwanted sexual experiences, defined as the "unwanted exposure to sexual situations (e.g., pornography); verbal or behavioral sexual harassment; threats of sexual violence to accomplish some other end; and /or unwanted filming, taking, or disseminating photographs of a sexual nature of another person".

11. The real threat of sexual assault that is posed not by strangers but rather by people we know and trust. <Characteristics of Sexual Assault: What Does It Really Look Like?> (https://www.evawintl.org/Library/DocumentLibraryHandler.ashx?id=42)

12. A woman initially trusts the person who rapes her and welcomes him into her home or accepts an invitation from him. She is then blamed for his actions and, sadly, often blames herself, especially if her prior understanding of rape was based on more myth than fact. And if the rapist is her husband, or partner, she may not anticipate that anyone, including herself, would define that as rape. <Dynamics of Sexual Assault> (http://www.ncdsv.org/images/Sexual%20Assault%20Dynamics%20for%20DV%20Advocates%20and%20Agency%20Responders%20-%20Tucker%205.28.08.pdf)

13. Researches show that distorted thoughts is one of the main reasons women stay in abusive relationships. Being controlled and hurt is traumatizing, and this leads to confusion, doubts, and even self-blame. For example, women shared: "I believed I deserved it." Others minimized the abuse as a way to cope with it, saying: "[I stayed] because I didn't think that emotional and financial abuse was really abuse. Because words don't leave bruises," and, "Because I didn't know what my boyfriend did to me was rape." (http://www.ncdsv.org/images/Investigating%20and%20Prosecuting%20Intimate%20Partner%20Sexual%20Assa....pdf)

14. When prevailing myths go unchallenged rape is supported, justified, and even condoned. Myths tend to be victim blaming; instead of holding the perpetrator responsible for his behaviour, the victim is blamed and held responsible for the assault, especially in cases where the

- 3 -
COMPLAINT FOR DAMAGES
Case: 26-04001   Doc# 1   Filed: 01/07/26   Entered: 01/08/26 11:25:05   Page 10 of 20

victim knows the perpetrator. Often victims of sexual violence are simply not believed. These circumstances make it much more difficult for victims to seek help and recover from their experience. <Sexual violence: prevalence, dynamics and consequences> (https://www.who.int/violence_injury_prevention/resources/publications/en/guidelines_chap2.pdf)

15. Intimate partner sexual violence is as dangerous or problematic to the community as other violent crimes. <Intimate Partner Sexual Violence> (https://player.vimeo.com/video/120390159)

## THE IMPACT OF SEXUAL VIOLENCE

16. While not every instance of sexual violence necessarily results in severe (or prolonged) physical harm, sexual trauma results in dysregulation of the stress response and disrupts the balance between the sympathetic nervous system and parasympathetic nervous system.

17. The gravity that sets sexual violence apart from even other severe traumatic incidents is the unique disruption of personhood that results from a deprivation of agency and control over one's own body. In addition, sexual violence causes destabilization by undermining feelings of individual security, while the victim is rendered powerless to control what is happening to her. This effect of defenseless incapacity may become a chronic state. Rape and sexual violence do disrupt profoundly the senses or the personality through neurological, behavioral, social, and other means.

18. Labeling of unwanted sexual experiences is generally a gradual process, and one of the hallmarks of PTSD is emotional or behavioral avoidance of reminders of the trauma. In fact, 75% of the people who contact Rape Crisis center are seeking support for an assault that took place at least a year earlier. A number of social and psychological factors keep sexual assault victims from processing their experiences immediately.

19. One key aspect is that many people aren't sure if what happened to them was 'really' rape. Legally, definitions vary by country, even by state. These varied laws reflect an equally confused – and evolving – cultural understanding of what rape is. And those narratives themselves can make someone even more unsure of what they experienced. The persistent stereotype of 'real rape' involves a male stranger with a weapon violently penetrating a resisting woman at night in a

- 4 -
COMPLAINT FOR DAMAGES

Case: 26-04001   Doc# 1   Filed: 01/07/26   Entered: 01/08/26 11:25:05   Page 11 of 20

public place and a seriously injured woman. When sexual assault doesn't match that narrative, it can make it difficult for even the survivor to recognise that it still was, in fact, sexual assault. The brain, after all, categorises experiences according to what we have been taught about what they mean. But one of the biggest problems with this narrative is that it is a myth. Rape not only includes a number of other circumstances, but it usually is a different circumstance, than the stranger-in-an-alley story. <Understanding and Countering Rape Myths > (https://www.nationalguard.mil/Portals/31/Documents/J1/SAPR/SARCVATraining/Barriers_to_Credibility.pdf) <Understanding the non-stranger rapist> (http://www.ncdsv.org/images/NDAA_UnderstandingNonstrangerRapist_TheVoice_vol_1_no_11_2007.pdf)

20. Zoe Peterson ("Peterson"), a clinical psychologist who leads Indiana University's Kinsey Institute Sexual Assault Research Initiative, and her colleague Charlene Muehlenhard found, in a study of 77 female college students who'd been non-consensually vaginally penetrated, varied reasons why the women didn't classify their experiences as rape. These included: (a) The attacker didn't match their expectations of a rapist ("he was my friend and everyone loved him"); (b) They worried that their behavior didn't match a 'normal' victim's ("it was my fault to be that intoxicated"); and (c) There hadn't been physical violence or resistance ("he wasn't beating me").

21. Some stereotypical rape scripts may apply more in situations of conflict, displacement, and natural disasters, when reports of outdoor rape by armed strangers become more frequent. Rape is well-known as a weapon of war. When order breaks down generally, sexual violence increases. This prevalence can itself lead to the cultural definition of 'rape' narrowing even further. But whatever the context, Peterson cautions that "it's really important to be clear that whether or not someone labels a sexual assault or rape as a sexual assault or rape, it doesn't necessarily influence whether or not it's traumatic".

22. Responses to trauma vary based on individuals' existing belief systems. Sexual assault is a blow to beliefs about, for instance, certain men (like a husband or a friend) being trustworthy. Some people who are assaulted will reject this threat to their beliefs.

- 5 -
COMPLAINT FOR DAMAGES

23. The litany of psychological diseases demonstrates that rape and sexual violence are indisputably injurious to the mind in ways that often last for the course of the victim's lifetime.

**FACTUAL ALLEGATIONS**

24. Plaintiff grew up in a traditional household in a foreign county with long-standing social prohibitions on talking about sexual matters.

25. In 2013 Defendant was a police officer at Sonoma University Police Department. In Nov 2013 via an online app "POF" Defendant friended Plaintiff and started chatting with her online.

26. Before Plaintiff met Defendant in person she made a clear statement via text messages that she didn't want to rush sex and insisted to stick to her traditional culture. Defendant agreed to respect Plaintiff. Defendant gained Plaintiff's trust by a ploy that made Plaintiff believe he was a gentleman looking for serious relationship. Therefore, Plaintiff decided to meet him in person.

27. In Nov 2013 around noon Defendant picked up Plaintiff and took her to his residence in Cotati. While in Defendant's bedroom he showed Plaintiff that he owned more than ten guns.

28. At one point in Defendant's bed he initiated touching and pulled off Plaintiff's pants. Plaintiff kept her legs closely tight and said no. However, the more Plaintiff resisted the harder Defendant tried. Defendant told Plaintiff he would not penetrate her in order to make her legs open. Plaintiff trusted Defendant because he was a police officer. Plaintiff relaxed her legs but Defendant abruptly penetrated Plaintiff with his penis.

29. Plaintiff was confused and shocked. Defendant was a police officer and he seemed nice to Plaintiff. Plaintiff couldn't make a connection between a police officer and a rape. Plaintiff couldn't believe, or acknowledge, that she was assaulted due to the perception of stranger-in-an-alley story. Plaintiff was unclear if forcible sex by a date (non a stranger) was a normal thing. She was uncomfortable, but not alarmed. She neither reported to authority nor stopped contact with Defendant.

30. In Dec 2013 while Plaintiff was sleeping in a guest room on second floor at

Defendant's residence Defendant came to Plaintiff's room and dragged her to his bedroom on third floor. Defendant pushed Plaintiff down onto his bed and forcibly penetrated her with his penis despite Plaintiff resisted and said no.

31. In 2014 via Plaintiff's message conversations with Defendant he acknowledged that each time Plaintiff said no and resisted. Plaintiff also accused Defendant that he set her up by penetrating her without her consent but she still didn't recognize what Defendant had done to her was a crime.

32. In Jul 2014 Defendant bought round trip tickets to fly Plaintiff from Los Angeles to his residence in Concord.

33. On or about Aug 4, 2014 around 4:00 am Defendant got up for work. While Plaintiff was still asleep in Defendant's bedroom he pulled off her pants and forced himself on her. Plaintiff was waken up and screaming. Defendant covered Plaintiff's mouth with his hand and penetrated Plaintiff without her consent.

34. On or about Aug 7, 2014 Plaintiff broke up with Defendant and never had contact with him again.

35. Between 2013 and 2014 Plaintiff was forced to have sex with Defendant around ten times. Plaintiff tried to forget all of them but the incidents described above stood out and keep haunting Plaintiff.

*Life after Aug 2014*

36. From time to time Plaintiff cries for no reason. Sadness follows her everywhere. She feels distant from others and has lost emotional closeness with family members. She is unable to relax or socialize without being tense.

37. Plaintiff feels irritable, on-guard with low self-esteem. She is confused with her mood swings. Her emotions surfaces out of nowhere and she is paralyzed with fear. She has struggled with intense anger and dissatisfaction. She feels unexpected detachment and anxiety.

38. At times Plaintiff has a difficult time focusing. She oftentimes struggles with decision making, even in simple things like what brand of milk to buy. She has been unable to enjoy her life.

- 7 -
COMPLAINT FOR DAMAGES
Case: 26-04001    Doc# 1    Filed: 01/07/26    Entered: 01/08/26 11:25:05    Page 14 of 20

39. Occasionally Plaintiff feels like she is outside of her own body. She views herself as lacking worth. She feels there is no one she could trust. Over the years Plaintiff has been broken and confused since she didn't know where those feelings came from until Oct 2019.

40. In Oct 2019 Plaintiff met with Los Angeles County prosecutor Peter Cagney and he explained to Plaintiff what rape was. With the assistance of Mr Cagney, Plaintiff has recognized what Defendant had done to her was in fact rape and all the trauma she has experienced over the years is the result of rape.

41. On Oct 18, 2019 Plaintiff reported the aforementioned incidents respectively to Cotati and Concord Police Department.

42. On Nov 28, 2019 Plaintiff attempted suicide by trying to overdose sleeping aid.

43. Until today, Plaintiff still feels Defendant's power over her every single day. Pretending to be nice, creating false impression, playing upon society's biases, raping Plaintiff under the guise of dating is the mark of a predator.

## FIRST CAUSE OF ACTION

**Sexual Battery in Violation of Cal Civ Code § 1708.5 against Defendant Weamer**

44. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the paragraphs above.

45. Defendant had sexual contact and intercourse with Plaintiff and did so without her consent.

46. Plaintiff suffered damages as a result of Defendant's battery, as described herein.

## SECOND CAUSE OF ACTION

**Gender Violence in Violation of Cal Civ Code § 52.4 against Defendant Weamer**

47. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the paragraphs above.

48. Defendant committed acts of gender violence upon Plaintiff through the use or attempted use of physical force against her person, committed at least in part based on Plaintiff's

- 8 -
COMPLAINT FOR DAMAGES

gender.

49. Defendant engaged in physical intrusion or physical invasion of a sexual nature under coercive conditions.

### THIRD CAUSE OF ACTION

**Ralphs Civil Rights Act – Violation of Cal Civ Code § 51.7 against Defendant Weamer**

50. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the paragraphs above.

51. At all times mentioned herein, Plaintiff had the right to be free from any violence, or intimidation by threat of violence, committed against her person on account of her sex.

### FORTH CAUSE OF ACTION

**Interference with Exercise of Civil Rights – Violation of Cal Civ Code § 52.1**

**Against Defendant Weamer**

52. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the paragraphs above.

53. As alleged hereinabove, Defendant intentionally interfered with or attempted to interfere with Plaintiff's clearly established rights guaranteed under United States and California laws, including but not limited to Plaintiff's right of protection from battery, assault, gender violence, and rape by threats, intimidation, and coercion.

### FIFTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress against Defendant Weamer**

54. Plaintiff re-alleges and herein incorporates by reference the allegations set forth in the paragraphs above.

55. Defendant's conduct in sexually assaulting and battering Plaintiff was intentional and deliberate disregard for the high degree of probability that Plaintiff would suffer emotional distress as a result.

- 9 -
COMPLAINT FOR DAMAGES
Case: 26-04001   Doc# 1   Filed: 01/07/26   Entered: 01/08/26 11:25:05   Page 16 of 20

56. Defendant's conduct in sexually assaulting and battering Plaintiff was extreme and outrageous.

57. Defendant's conduct and actions were the direct and proximate cause of severe emotional distress to Plaintiff.

**PRAYER FOR RELIEF**

58. WHEREFORE, Plaintiff prays for judgment in her favor against Defendant and that Plaintiff be awarded:

    a. General and special damages caused by Defendant's unlawful actions in an amount according to proof;

    b. Punitive and exemplary damages according to proof;

    c. Medical and related expenses according to proof;

    d. Additional statutory civil penalty pursuant to Cal Civ Code §§ 52(b) and 52.1(b);

    e. Interest, including pre judgment interest, in accordance with applicable law;

    f. For costs of suit and attorney fees herein incurrent; and

    g. Such other and further relief to which Plaintiff is entitled or additional relief as is just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED: 4/10/20

_____
JANE DOE
In Pro Per

- 10 -
COMPLAINT FOR DAMAGES

Case: 26-04001    Doc# 1    Filed: 01/07/26    Entered: 01/08/26 11:25:05    Page 17 of 20

# EXHIBIT 2

FILED
MAY 11 2020
K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ D. Wagner, Deputy Clerk
D. WAGNER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD WEAMER, <br><br> Defendant. | No. C20-00827 <br><br> DW <br> [PROPOSED] ORDER ON REQUEST TO PROCEED ANONYMOUSLY |

The plaintiff seeks permission to proceed this lawsuit anonymously, as "Jane Doe". Judicial proceedings presumptively are open to the public, and that includes the names of parties who are litigating disputes. A court can permit a litigant to use a pseudonym in those few "exceptional cases where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" The court has an independent duty to determine whether the requisite exceptional circumstances exist.

The court finds that exceptional circumstances exist here. Two factors convince the court to permit the plaintiff to use a pseudonym. First, the Court has recognized the interest of Plaintiff's bringing claims related to sexual assault in proceeding anonymously to avoid embarrassment and potential stigma.

1

ORDER ON REQUEST TO PROCEED ANONYMOUSLY

Second, there is public interest to protect privacy of sexual assault victims and encourage them to step forward. Plaintiff's privacy could have been affected by the suit, that is, using her real name would impact her social standing, present physical risks, or exacerbate the problem for which she is seeking compensation.

## Conclusion

For the foregoing reasons, the court GRANTS the plaintiff's request to proceed anonymously. The plaintiff shall be referred to in court filings as "Jane Doe". The defendants shall not publicly disclose the plaintiff's actual name. All documents identifying the plaintiff or containing the plaintiff's actual name shall be filed under seal. Redacted copies of such documents must be filed; the redactions must be made in such a way that the plaintiff's identity or her actual name cannot be discerned from the redacted filings.

So ORDERED.

Dated: 5/11/20

Hon.